**UNITED STATES DISTRICT COURT
WESTERN DISCTRICT OF WASHINGTON
AT TACOMA**

DONALD LYLE STRATTON,

        Plaintiff,

  v.

JULIE BUCK, et al.,

        Defendants.

NO. C09-5571 RJB/KLS

ORDER DENYING PLAINTIFF'S MOTIONS TO FILE CERTIFICATE AND TO AMEND COMPLAINT

Before the court are Plaintiff's motion to file a late certificate of merit pursuant to RCW 7.70.150 and motion to file an amended complaint. Dkts. 17 and 18. For the reasons stated below, the court finds that the motions should be denied.

*BACKGROUND*

Mr. Stratton filed his application to proceed in forma pauperis and proposed civil rights lawsuit on September 8, 2009. Dkt. 1. The Court granted his application to proceed in forma pauperis and filed the complaint. Dkts. 7 and 8. Mr. Stratton claims that while he was incarcerated at Stafford Creek Corrections Center (SCCC), Defendant Julie Buck, a doctor at Grays Harbor Medical Center, and Defendant Dale Brown, a registered nurse employed at the SCCC, subjected him to cruel and unusual punishment in violation of the Eighth Amendment and violated his Fourteenth Amendment due process rights by not providing him with

appropriate medication and by being deliberately indifferent to his serious medical needs. Dkt. 8, p. 5.

Mr. Stratton seeks leave to amend his complaint to correct his citation to the court's jurisdiction (he states that this court does not have jurisdiction under 28 U.S.C. 1343(a)) and to "state the constitutional issues accurately and concisely." Dkt. 18, p. 1. Defendants have filed answers to Mr. Stratton's original complaint. Dkts. 11 and 15. Mr. Stratton has not provided the Court with a proposed amended complaint. Defendant Brown objects to Mr. Stratton's motion to amend because Mr. Stratton has failed to provide a proposed amended complaint. Dkt. 19.

*DISCUSSION*

A.   *Motion for Extension of Time to File Certificate of Merit*

Mr. Stratton asks the court to allow him leave to file a late certificate of merit required when suing a health care provider in Washington under RCW 7.70.150. Dkt. 17, p. 1. Mr. Stratton bases this request on Defendant Buck's affirmative defense that he has failed to "comply with pre-filing requirements of Washington law." Dkt. 17, p. 1 (citing Dkt. 11, p. 4). RCW 7.70 applies to medical malpractice actions arising from medical care rendered in the state of Washington.

Section 7.70.030 is the Washington medical malpractice statute authorizing causes of action if a plaintiff can prove one of the following: (1) injury resulting from "failure of a health care provider to follow the accepted standard of care," (2) that "a health care provider promised the patient or his representative that the injury suffered would not occur," or (3) that

"injury resulted from health care to which the patient or his representative did not consent." Wash. Rev.Code § 7.70.030.

However, Mr. Stratton has not alleged any Washington state law claims for medical malpractice. As noted above, Mr. Stratton alleges that Defendants violated his federal constitutional rights under the Eighth and Fourteenth Amendments when they were deliberately indifferent to his serious medical needs. To prevail on these claims, Mr. Stratton must prove that (1) the defendants are persons acting under color of state law, and (2) that their conduct deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981).

As Mr. Stratton is not alleging medical malpractice, the requirements of RCW 7.70.150 are inapplicable.

B.   *Motion for Leave to Amend Complaint – Dkt. 18*

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, " [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Otherwise, the party "may amend the party's pleading only by leave of court or by written consent of the adverse party." *Id.* Leave to amend "shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." *Id.*; *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). After a responsive pleading has been filed, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City*, 125 F.3d 777, 786 (9th Cir. 1997).

Here, Mr. Stratton did not submit a proposed amended complaint. Mr. Stratton claims that he must correct his citation to the court's jurisdiction. However, the court's jurisdiction of prisoner civil rights complaints is correctly derived from 28 U.S.C. § 1343(3). In addition, Mr. Stratton claims that he wishes to state the "constitutional issues accurately and concisely." Dkt. 18, p. 1. Without a proposed amendment, however, the court is unable to determine the scope and nature of Mr. Stratton's claims or if he intends to amend or supplement the allegations contained in his original complaint.

Mr. Stratton is advised that an amended complaint supersedes the original in its entirety, making the original as if it never existed. The allegations contained in his motion are not sufficient to properly plead an amended complaint to include all of his factual and legal allegations, including those stated in his original complaint. If Mr. Stratton wishes to amend his complaint, he must set forth all of the parties and claims in a proposed amended complaint and submit it for the Court's review.

Accordingly, Plaintiff's motions for leave to file late certificate of merit (Dkt. 17) and to amend his complaint (Dkt. 18) are **DENIED**. The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  3rd  day of March, 2010.

Karen L. Strombom
United States Magistrate Judge