UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| DONALD LYLE STRATTON, | | |
| | Plaintiff, | No. C09-5571 RJB/KLS |
| v. | | **REPORT AND RECOMMENDATION** |
| JULIE BUCK, *et al.*, | | Noted for: June 18, 2010 |
| | Defendants. | |

Before the court is the Motion for Summary Judgment of Defendant Julie Buck, M.D. Dkt. 23.  Having reviewed the motion, Plaintiff's opposition (Dkt. 34), supporting affidavits and evidence, and balance of the record, the undersigned finds that the motion should be granted because Dr. Buck was not acting under color of state law when she treated Plaintiff, Donald Lyle Stratton.  Thus, the court need not reach Mr. Stratton's allegations that Dr. Buck's care amounted to cruel and unusual punishment.

*FACTS*

On August 17, 2008, Mr. Stratton was assaulted by a fellow inmate at the Stafford Creek Corrections Center (SCCC).  Dkt. 8, pp. 2-3.  Thereafter, he was transported by the Aberdeen Fire Department to the Grays Harbor Community Hospital Emergency Department.  *Id.*, p. 4.

REPORT AND RECOMMENDATION - 1

Mr. Stratton was seen and treated in the Emergency Department by Dr. Julie Buck and discharged for follow-up care to SCCC Medical. *Id.*; Dkt. 23-2, p. 2.

In her declaration, Dr. Buck states that at the time she provided care to Mr. Stratton, she was working in the Emergency Room as an independent contractor. Dkt. 23-2, p. 2. She was not employed by the Grays Harbor Community Hospital or any government agency. *Id.* She did not see Mr. Stratton because he was incarcerated, but because he was brought to the Emergency Department. *Id.* Dr. Buck further states that she did not act at the request, direction or in coordination with the State in providing medical care to Mr. Stratton. *Id.*

### *SUMMARY JUDGMENT STANDARD*

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, there exists "no genuine issue as to any material fact" such that the "moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is a fact relevant to the outcome of the pending action. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Genuine issues of material fact are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id.*

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed.R.Civ.P. 56(e). A mere scintilla of evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252. In ruling on summary judgment, the court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994).

REPORT AND RECOMMENDATION - 2

*DISCUSSION*

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law.  *See Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991).  The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

Plaintiff alleges that Dr. Buck violated his Eighth Amendment right to be from cruel and unusual punishment and his Fourteenth Amendment due process rights by failing to provide him with pain medication.  Dkt. 8, pp. 5-6.

Dr. Buck argues that as an independent contractor, she is not a state actor who was acting under color of state law when she provided treatment to Mr. Stratton.  Dkt. 23-2, p. 2.  Mr. Stratton disagrees, arguing that Dr. Buck is a state actor because she was "assigned, by contract, to provide medical care" to him.  Dkt. 26, p. 2.  He also argues that the state has a duty to provide him with medical care and the state took him to the Grays Harbor Medical Center where he was treated by Dr. Buck.

The Ninth Circuit has consistently determined that private hospitals and doctors in § 1983 claims fail to come within the color of state law. See *Briley v. State of Cal*., 564 F.2d 849, 855-56 (9th Cir.1977) (private hospitals not acting under color of state law unless the state is significantly involved in the private party's activities); *Watkins v. Mercy Med. Center*, 520 F .2d 894, 896 (9th Cir.1975).

REPORT AND RECOMMENDATION - 3

The Supreme Court has articulated four distinct tests for determining when the actions of a private individual amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Id*. at 1148-49; see also *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1231 (9th Cir.1996). After applying these tests to the undisputed facts, the undersigned concludes that Defendant Buck was not acting under color of state law.

Under the "public function test" the court examines whether the private entity performs a function which is "exclusively reserved to the State." *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 158, 98 5. Ct. 1729, 56 L. Ed. 2d 185 (1978) (state elections are exclusively a public function). The provision of medical care by private physicians in private hospitals and clinics is not a function exclusively reserved to the State.

Under the "state compulsion test," a private actor's conduct is attributable to the State when it exerts coercive power over the private entity or provides significant encouragement. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170-7 1, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970) (state mandated segregation in private setting amounts to state action), *overruled in part on other grounds*. In this case, there is no evidence that the State required Dr. Buck to assume Mr. Stratton's medical care. There is also no evidence that the State took any role in the medical judgments made by Dr. Buck.

The "nexus" or "state action test" considers whether the State has inserted "itself into a position of interdependence with the [private actor, such] that it was a joint participant in the enterprise." *Jackson v. Metro. Edison Co*., 419 U.S. 345, 357-58, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974) (state regulation of a private entity does not make the State a joint participant in the

REPORT AND RECOMMENDATION - 4

entity's conduct).  There is no evidence that the care provided by Dr. Buck to Mr. Stratton was not based upon her independent medical judgment.

Under the "joint action test" private actors will be considered state actors where they are "willful participant[s] in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 15 27, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980) (private parties conspiring with judge act under color of state law).  Here, however, Mr. Stratton was not seen by Dr. Buck because he was incarcerated but because he was brought to the Emergency Department where all patients, incarcerated or not, would be brought for emergency care.

The Supreme Court has concluded, in the prison context, that private individuals who contract with the state to provide services to inmates can, in some circumstances, be considered state actors.  For example, a physician under contract to provide medical services to inmates was a state actor for purposes of § 1983.  *West v. Atkins,* 487 U.S. 42, 55-56, 108 S.Ct. 2250.  The court found determinative the fact that the state had a duty to provide adequate medical care to prisoners and that the state had delegated this duty to a private contractor.  *Id*.

Mr. Stratton makes the conclusory allegation that Dr. Buck was "under contract" with the state. Dtk. 26, pp. 2-3.  However, the undisputed and competent summary judgment evidence before the court is that Dr. Buck had no contract with the state to provide medical care to prisoners, that she was an independent contractor of the hospital and that she was not obligated to treat Mr. Stratton because of his status as an inmate.  Dkt. 23-2, p. 2.

After viewing the summary judgment evidence in the light most favorable to Mr. Stratton, the undersigned concludes that his § 1983 claims against Dr. Buck must be dismissed because Dr. Buck was not acting as a state actor when she provided medical care to Mr. Stratton.  Although Mr. Stratton was not given a choice by the prison officials as to which emergency

REPORT AND RECOMMENDATION - 5

room he was taken, there is no evidence that Dr. Buck was under contract with the state to provide medical services to him.

## *CONCLUSION*

Based in the foregoing, the undersigned recommends that that Defendant Buck's motion for summary judgment (Dkt. 23) be **GRANTED** and that Plaintiff's claims against her be **dismissed with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 18, 2010**, as noted in the caption.

DATED this  1st  day of June, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6